### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:12-CR-0091** |
| | : | |
| v. | : | **(Chief Judge Conner)** |
| | : | |
| **EDDIE RODRIGUEZ-MELENDEZ** | : | |

### MEMORANDUM

Presently before the court is a motion to dismiss the indictment (Doc. 846), filed *pro se* by defendant Eddie Rodriguez-Melendez ("Rodriguez-Melendez") on June 11, 2014. For the reasons set forth below, the court will deny the motion.

**I.    Factual Background**

On April 11, 2012, a grand jury indicted Rodriguez-Melendez, along with numerous other co-defendants, for drug trafficking offenses. (Doc. 1). A superseding indictment was filed on July 18, 2012. (Doc. 236). Rodriguez-Melendez pleaded not guilty to the superseding indictment on August 15, 2012. (Doc. 306). Numerous hearings for bail were held, but Rodriguez-Melendez remains detained without bail pending trial. (See Docs. 305, 437, 879).

On April 30, 2014, Rodriguez-Melendez filed a motion to dismiss counsel and proceed *pro se*. (Doc. 809). The court held a hearing and granted Rodriguez-Melendez's motion on June 11, 2014. (Doc. 848). Rodriguez-Melendez filed the instant *pro se* motion to dismiss the indictment the same day. (Doc. 846). Rodriguez-Melendez also subsequently filed a request (Doc. 904) for grand jury transcripts and a request (Doc. 906) for an evidentiary hearing in connection with

the allegations presented in his motion to dismiss. The motion is fully briefed and ripe for disposition.

## II. Legal Standard

A motion to dismiss a criminal indictment may be brought at any time before trial. FED. R. CRIM. P. 12(b)(3). A motion to dismiss the indictment typically alleges some procedural defect in initiating the prosecution, such as a violation of the constitutional right to a speedy trial or selective prosecution. See FED. R. CRIM. P. 12(b)(3)(A). A motion to dismiss may also allege a substantive defect in the indictment, such as a failure to state an offense or a lack of specificity concerning the charges. See FED. R. CRIM. P. 12(b)(3)(B).

## III. Discussion

Rodriguez-Melendez's numerous allegations in his motion may be organized into five categories: (1) allegations that his home and vehicle were searched in violation of the Fourth Amendment to the United States Constitution; (2) complaints concerning his former counsel; (3) discrepancies during his detention hearings concerning whether defendant had a criminal record in Boston; (4) allegations that the government has illegally destroyed evidence; and (5) allegations that the grand jury indictment was issued against him because of mistaken identity. In connection with his motion to dismiss, Rodriguez-Melendez also requests copies of grand jury transcripts as well as an evidentiary hearing. The court will address each of Rodriguez-Melendez's allegations *seriatim*.

### A. Home and Vehicle Searches

Rodriguez-Melendez first asserts that a warrantless search of his home and vehicle were conducted in violation of his rights under the Fourth Amendment to the United States Constitution. Such allegations, even if true, would not warrant dismissal of an indictment. Instead, if these searches were indeed unconstitutional, the court could suppress any evidence obtained as a result of those searches after a properly filed motion to suppress. However, Rodriguez-Melendez admits that the searches did not produce any evidence. Thus, the only remedy that Rodriguez-Melendez could explore for any alleged violation of his Fourth Amendment rights would be to file a separate civil complaint against the government alleging violations under 42 U.S.C. § 1983. The court will not dismiss the criminal indictment on this ground.

### B. Former Counsel Complaints

Rodriguez-Melendez also makes a number of complaints concerning the conduct of his former counsel. However, the court has already granted Rodriguez-Melendez's request to proceed *pro se* in this matter. Moreover, the allegedly deficient performance of former counsel is not a valid basis to dismiss an indictment.

### C. Detention Hearings

Rodriguez-Melendez next asserts that the indictment should be dismissed because, during detention hearings held to determine whether Rodriguez-Melendez should be detained pending trial, a Magistrate Judge mistakenly believed that

Rodriguez-Melendez possessed a criminal record in Boston. Such an allegation, even if true, does not affect the underlying validity of the indictment and is therefore not a valid basis to dismiss the indictment.

### D.   Destruction of Evidence

Rodriguez-Melendez next asserts that the government had a duty to disclose previously destroyed evidence and contends that their inability to do so will result in a denial of due process. Rodriguez-Melendez references a number of documents chronicling the destruction of evidence from an independent investigation by the Pennsylvania Office of the Attorney General for independent prosecution of an individual using the street name "Pito." (Doc. 846-1 at 11-19, Exs. F-H). The federal government has no duty to discover or disclose evidence possessed by a state agency that has no involvement in the investigation or prosecution at issue. See United States v. Rivera-Rodriguez, 617 F.3d 581, 595 (1st Cir. 2010). Moreover, "Pito" was never identified during the course of the Pennsylvania investigation and the destruction of evidence was conducted in accordance with established policy over two years prior to the federal indictment in this case. The government did disclose the Pennsylvania investigation and the fact that the evidence was destroyed. The court finds no basis to dismiss the indictment on this ground.

### E.   Mistaken Identity

Finally, Rodriguez-Melendez alleges that the grand jury was shown a photograph of an individual other than himself. (Doc. 846 at 12). Rodriguez-Melendez bases this contention on the fact that Pennsylvania Department of

Transportation information sheets containing his photograph were not printed out until May 17, 2012, 36 days after the defendant's indictment by the grand jury. (See Doc. 846-2, Ex. P).

On this basis, Rodriguez-Melendez requests all the transcripts from the grand jury proceedings. A court may authorize disclosure of grand jury transcripts to a defendant if that defendant "shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." FED. R. CRIM. P. 6(e)(3)(E)(ii). To support his request, Rodriguez-Melendez must establish "a particularized need for that information which outweighs the public interest in secrecy." United States v. McDowell, 888 F.2d 285, 289 (3d Cir. 1989).

Rodriguez-Melendez's request for transcripts from the grand jury proceedings does not establish a particularized need. Indeed, his allegations are wholly conclusory. A photograph of the defendant is not a precondition to grand jury indictment, and the grand jury may not have been shown any photograph of Rodriguez-Melendez or any other individual. Moreover, there is no explanation for how or why any photograph shown to the grand jury would have differed from the photograph held by the Pennsylvania Department of Transportation and printed on May 17, 2012. Rodriguez-Melendez is not entitled to transcripts from the grand jury proceedings and the court will not dismiss the indictment on this ground.

**III.    Conclusion**

For the foregoing reasons, the court will deny Rodriguez-Melendez's *pro se* motion to dismiss the indictment (Doc. 846).  An evidentiary hearing on this matter is not necessary.  An appropriate order follows.

          /S/ CHRISTOPHER C. CONNER
          Christopher C. Conner, Chief Judge
          United States District Court
          Middle District of Pennsylvania

Dated:        August 14, 2014