IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:12-CR-0091** |
| | : | |
| v. | : | (Chief Judge Conner) |
| | : | |
| **EDDIE RODRIGUEZ-MELENDEZ** | : | |

## ORDER

AND NOW, this 12th day of September, 2014, upon consideration of the motion (Doc. 942) for reconsideration filed by defendant Eddie Rodriguez-Melendez ("Rodriguez-Melendez"), wherein Rodriguez-Melendez seeks reconsideration of the court's memorandum (Doc. 922) and order (Doc. 923) dated August 14, 2014, denying Rodriguez-Melendez's motion (Doc. 846) to dismiss the indictment, request (Doc. 904) for grand jury transcripts, and request (Doc. 906) for an evidentiary hearing in connection with the allegations presented in his motion to dismiss, and the court emphasizing that the purpose of a motion for reconsideration is to present newly discovered evidence or to correct manifest errors of law or fact, see Max's Seafood Café v. Quinteros, 176 F.3d 669, 677-78 (3d Cir. 1999); Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), and noting that the court possesses an inherent power to reconsider its orders "when it is consonant with justice to do so," Alea N. Am. Ins. Co. v. Salem Masonry Co., 301 F. App'x 119, 121 (3d Cir. 2008); United States v. Jerry, 487 F.2d 600, 605 (3d Cir. 1973), but that such relief is to be granted "sparingly," Montanez v. York City, No. 12-CV-1530, 2014 WL 3534567, at *7 (M.D. Pa. July 16, 2014) (quoting Continental Casualty Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995)), and that a party may not invoke a motion for

reconsideration as a means to relitigate matters of disagreement with the court, see Boretsky v. Governor of N.J., 433 F. App'x 73, 78 (3d Cir. 2011) (quoting Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 957 (11th Cir. 2009)), nor is a motion for reconsideration "an opportunity for a party to present previously available evidence or new arguments," Federico v. Charterers Mut. Assurance Ass'n Ltd., 158 F. Supp. 2d 565, 578 (E.D. Pa. 2001); see also Harsco Corp., 779 F.2d at 909, and it appearing that Rodriguez-Melendez bases his motion on arguments identical to or expanding upon those raised in his initial motion (Doc. 846) to dismiss the indictment and his brief (Doc. 919) in reply to the government's brief in opposition to the motion to dismiss the indictment,[1] and neither identifies nor substantiates a clear error of law in the court's prior decision, and accordingly fails to satisfy the exacting standard of review applied to motions for reconsideration, it is hereby ORDERED that

---

[1] In support of his motion (Doc. 942) for reconsideration, Rodriguez-Melendez reiterates his beliefs that the government had a duty to disclose previously destroyed evidence and contends that their inability to do so will result in a denial of due process (Doc. 943 at 2-5), and that he was mistakenly identified during grand jury proceedings (Id. at 5-6). However, these issues were fully contemplated and disposed of by the court's prior memorandum and order. (See Doc. 922 at 4-5). It is well-settled that requests for the court to simply rethink a decision it has already made are not proper grounds for a motion for reconsideration. See Douris v. Schweiker, 229 F.Supp. 2d 391, 408 (E.D. Pa. 2002).

Rodriguez-Melendez's motion (Doc. 942) for reconsideration of the court's memorandum (Doc. 922) and order (Doc. 923) dated August 14, 2014 is DENIED.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania